AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Connecticut

| | |
|---|---|
| ALFREDO PLANA <br><br> *Plaintiff(s)* <br> v. <br> STEVEN T. MNUCHEN, <br> SECRETARY OF THE TREASURY <br><br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  United States Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, DC 20530-0001


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   John R. Williams
51 Elm Street
New Haven, CT 06510


If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:   02/22/2018

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Connecticut

| | |
|---|---|
| ALFREDO PLANA <br><br> *Plaintiff(s)* <br><br> v. <br><br> STEVEN T. MNUCHEN, SECRETARY OF THE TREASURY <br><br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* United States Attorney
157 Church Street (23rd Floor)
New Haven, CT 06510

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   John R. Williams
51 Elm Street
New Haven, CT 06510

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____02/22/2018_____            _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Connecticut

| | |
|---|---|
| ALFREDO PLANA | ) ) ) ) |
| *Plaintiff(s)* | ) ) |
| v. | )  Civil Action No. |
| STEVEN T. MNUCHEN, SECRETARY OF THE TREASURY | ) ) ) ) |
| *Defendant(s)* | ) ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Secretary of the Treasury
1500 Pennsylvania Avenue, NW
Washington, DC 20220

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   John R. Williams
51 Elm Street
New Haven, CT 06510

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____02/22/2018_____     _____
*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALFREDO PLANA | : | |
| | : | |
| VS. | : | CIVIL NO. |
| | : | |
| STEVEN T. MNUCHEN, | : | |
| SECRETARY OF THE TREASURY | : | FEBRUARY 22, 2018 |

## COMPLAINT

1. This is an action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, to redress the deprivation by the defendant of rights secured to the plaintiff by the laws of the United States. The defendant discriminated against the plaintiff in employment on the grounds of his national origin (Hispanic/Puerto Rican), color (white), and sex (male, LGBT).

2. Jurisdiction of this court is invoked under the provisions of Sections 1331, 1343(3), 1367(a) and 2201(a) of Title 28 and Section 2000e of Title 42 of the United States Code.

3. During all times mentioned in this action, the plaintiff was, and still is, an adult citizen of the United States residing in the State of Connecticut. He is an white Hispanic male (LGBT) of Puerto Rican ancestry.

4. During all times mentioned in this action, the plaintiff was employed by

the defendant as a Senior Individual Taxpayer Advisory Specialist (ITAS), GS-11, in the Internal Revenue Service Wage & Investment Field Assistance in Hartford, Connecticut.

    5. The plaintiff has complied with all of the procedural prerequisites to suit under the statutes aforementioned, having filed a timely complaint with the Office of Civil Rights and Diversity of the Department of the Treasury, docketed as TD Case Number IRS-17-0390-F, and having received a notice of final agency decision issued on December 26, 2017.

    6. Supervisors responsible for the unlawful actions hereinafter delineated included Victoria Grant, the plaintiff's first level manager until February 2, 2017, a Supervisory ITAS; Shebbyun T. Daley, the plaintiff's second level supervisor, a Supervisory ITAS (Territory Manager); Roberta Cambra, the plaintiff's first level supervisor from February 5, 2017, through at least August 10, 2017, an ITAS/Acting Group Manager; and Elizabeth C. Reid, an ITAS who occasionally served as Acting Group Manager and the plaintiff's first level supervisor. All of these supervisors were aware of the plaintiff's ethnic background, national origin, color, sex, and sexual orientation. All of them also were aware that the plaintiff is and throughout the relevant time period was the only gay person in his working group.

    7. Throughout the period of the plaintiff's employment by the defendant,

ans specifically throughout the entire time period relevant to this complaint, the plaintiff was the only person in his group who never was provided any on-the-job training, and in particular was not ever provided any training on the Interactive Tax Law Assistant ("ITLA") which agency regulations require persons in the plaintiff's position to use when providing tax law assistance to taxpayers. Although in the past the plaintiff had been disciplined for not using this device properly, demonstrating that his supervisors were aware of his need for training in its use, no training ever was provided to him. Meanwhile, others in his position were not disciplined if they did not use the ITLA and all of them but the plaintiff in fact were given training in its use.

8. The plaintiff for a long period of time had been working a schedule in which he began work not later than 7:30 a.m. On January 27, 2017, he was ordered to cease working that schedule and to report for work no earlier than 8:00 a.m. His request to be allowed to continue working his previous schedule was denied without any reason. The plaintiff and the one other worker in his unit of Hispanic ethnicity were the only members of the unit treated in this summary fashion. Non-Hispanics in the unit were permitted to begin working earlier than 8:00 a.m. if they wished to do so. As a result, the plaintiff was caused to work a heavier load than others in his unit.

9. On at least three separate occasions during the calendar year 2017,

the plaintiff's supervisor ridiculed and laughed at the plaintiff because of his Spanish accent, in the presence of his co-workers.

10. During this time period, on June 16, 2016, and again on March 3, 2017, the plaintiff was charged with being AWOL as a result of being unavoidably late to work without providing advance notice, a circumstance which is not considered being AWOL in his agency and for which no other non-Hispanic employee in his unit ever has been disciplined although it is not an uncommon occurrence.

11. After receiving the final agency decision described in Paragraph 5, retaliation against the plaintiff for his prior complaints of discrimination has continued to occur, including the unjustified issuance of a Counseling Memorandum by supervisor Robert Bartoli on January 29, 2018, for allegedly unacceptable behavior.

12. The activities described above, taken as a whole, have created an objectively hostile working environment for the plaintiff based upon his membership in one or more of the protected classes herein described.

13. As a result, the plaintiff has suffered and continues to suffer stress, anxiety, loss of sleep, loss of appetite, and emotional distress.

WHEREFORE, the plaintiff claims judgment against the defendant as follows:

  A. Compensatory damages in an amount this court shall consider to be just, reasonable and fair;

  B. Attorney fees and the costs of this action;

  C. Such other equitable relief as this court shall consider to be fair and equitable.

        THE PLAINTIFF

      BY:_____/s/_____(ct00215)_____
        JOHN R. WILLIAMS (ct00215)
        51 Elm Street
        New Haven, CT 06510
        203-562-9931
        Fax: 203-776-9494
        jrw@johnrwilliams.com
        His Attorney