UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ALFREDO PLANA,
*Plaintiff*,

v.

No. 3:18-cv-337 (VAB)

STEVEN T. MNUCHIN,
*Defendant.*

**RULING AND ORDER ON MOTION FOR RECONSIDERATION**

Alfredo Plana ("Plaintiff"), an employee of the Internal Revenue Service ("IRS"), filed a Complaint alleging discrimination, a hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), against Steven T. Mnuchin in his official capacity as the United States Secretary of the Treasury ("Defendant"). Compl. ¶¶ 1, 4, ECF No. 1 (Feb. 26, 2018).

On March 12, 2019, the Court granted Defendant's motion to dismiss,[1] but also granted Mr. Plana leave to file an Amended Complaint by April 12, 2019. Ruling and Order on Mot. to Dismiss, ECF No. 33 (Mar. 12, 2019) ("Ruling and Order").

On April 11, 2019, Mr. Plana moved for the Court to reconsider its ruling on the motion to dismiss in light of the Second Circuit's April 8, 2019, decision in *Davis-Garett v. Urban Outfitters, Inc.*, 921 F.3d 30 (2d Cir. 2019). Mot. for Recons., ECF No. 36 (Apr. 11, 2019).

For the following reasons, the Court **DENIES** the motion for reconsideration.

---

[1] Defendant characterized his as a motion to dismiss or, in the alternative, for summary judgment. Def.'s Mot. to Dismiss or for Summ. J., ECF No. 24 (Aug. 24, 2018). Because discovery had not closed, the Court treated the motion as a motion to dismiss and applied Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000) ("Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery."); *cf. Burgess v. Fairport Cent. Sch. Dist.*, 371 F. App'x 140, 141 (2d Cir. 2010) (summary order) (affirming summary judgment before the close of discovery where plaintiffs alleged "no specific facts . . . . that the Defendants had used a 'PDA' device to eavesdrop on their private communications").

1

## I. STANDARD OF REVIEW

Rule 59(e) of the Federal Rules of Civil Procedure allows a party to move to "alter or amend a judgment" no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). Courts consider a motion made under Rule 59(e) to be a motion for reconsideration. *See Krohn v. N.Y.C. Police Dep't.*, 341 F.3d 177, 179 (2d Cir. 2003) (noting that a party timely filed for reconsideration under Fed R. Civ. P. 59(e)). "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *Lora v. O'Heaney*, 602 F.3d 106, 111 (2d Cir. 2010).

"A motion for reconsideration is committed to the sound discretion of the court." *Nygren v. Greater N.Y. Mut. Ins. Co.*, No. 3:07-cv-462 (DJS), 2010 WL 3023892, at *2 (D. Conn. Aug. 2, 2010) (internal citation and quotation marks omitted); *see also Lesch v. United States*, 372 F. App'x 182 (2d Cir. 2010) ("The standard of review of a district court order granting or denying a motion for [reconsideration under both Rule 59(e) and Rule 60(b)] is whether the order constituted an abuse of discretion." (citing *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 132 (2d Cir. 1999))).

## II. DISCUSSION

A motion for reconsideration should be granted only where the defendant identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956

F.2d 1245, 1255 (2d Cir. 1992) (internal citations omitted); *Kolel Bell Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013).

Mr. Plana has identified an intervening Second Circuit ruling which he contends dictates a different outcome in the Court's ruling on the motion to dismiss. He argues that under *Davis-Garett*, 921 F.3d 30, "it is error in a hostile environment case to dismiss claims beyond the applicable limitations period, which this [C]ourt did in its ruling of March 12." Mot. to Recons. Mr. Plana does not accompany his motion to reconsider with a memorandum of law or any other document supporting his argument that *Davis-Garett* calls for a different decision in this case.

The Court found in its original ruling that Mr. Plana failed to exhaust his administrative remedies as to adverse actions that occurred before 2017 because he did not contact a Treasury Department Counselor within forty-five days of any incident before 2017, as required for claims against federal employers under Title VII. Ruling and Order at 7-8. The Court also found, however, that "claims stemming from the alleged January 27, 2017 denial of Mr. Plana's schedule change request, March 2017 AWOL mischaracterization, and 2017 incidents of accent mocking were timely submitted to a counselor." *Id.* at 8. The Court then went on to dismiss all of Mr. Plana's claims based on these incidents, finding that he had failed to allege sufficient facts to support any of his claims. *Id.* at 9-16.

The Court also found that Mr. Plana had not alleged sufficient facts to show that any of his charges of being absent without leave ("AWOL") were adverse employment actions. *Id.* at 9-12 ("Plaintiff has not pled that the AWOL mischaracterization was tantamount to a demotion or alteration to his job responsibilities."). The Court then considered two of Mr. Plana's allegations in support of his hostile environment claim: "(1) the denial of his schedule change request, and (2) three alleged incidents of accent mocking in 2017." *Id.* at 13. The Court stated that Mr. Plana

3

"allege[d] that he was subjected to a hostile work environment because a single supervisor [ridiculed and laughed at [him] because of his Spanish accent, in the presence of co-workers' on 'three separate occasions during the calendar year 2017.'" *Id.* at 13-14 (quoting Compl. ¶ 9). But Mr. Plana "allege[d] no employment action aside from his changed start time" despite working at the IRS since 2007, and he did "not characterize [the] ridicule of his accent as 'frequent . . . pervasive . . . or sufficiently continuous and concerted.'" *Id.* at 14 (quoting *Constantin v. N.Y.C. Fire Dep't*, 2009 WL 3053851 at *21 (S.D.N.Y. 2009); *Duarte v. St. Barnabas Hosp.*, 265 F. Supp. 3d 325, 350 (S.D.N.Y. 2017)). The Court found that Mr. Plana's assertion that "the activities [described in his Complaint], taken as a whole, have created an objectively hostile working environment" was a "conclusory allegation . . . not entitled to any legal weight." *Id.* at 14 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In *Davis-Garett*, a fifty-four year old plaintiff brought a hostile work environment claim against her former employer, a private corporation, under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634 ("ADEA"). 921 F.3d at 33. The Second Circuit held that the district court erred in failing to consider adverse employment actions that had occurred before the 300-day limitations period under the ADEA. *Id.* at 42. The Second Circuit held that "[a] charge alleging a hostile work environment claim . . . will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period." *Id.* (quoting *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113-14 (2002)). Furthermore, "even with respect to a claim of discrete discriminatory or retaliatory acts, expiration of the limitations period does not bar 'an employee from using the prior acts as background evidence in support of a timely claim.'" *Id.* (quoting *Morgan*, 536 U.S. at 114). "[R]elevant background evidence, such as statements by a

4

decisionmaker or earlier decisions typifying the retaliation involved, may be considered to assess liability on the timely alleged act." *Id.* (quoting *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 176-77 (2d Cir. 2005)).

But the Court did address whether Mr. Plana's alleged adverse employment actions that took place before 2017 constituted a continuing violation such that they could be considered part of a hostile work environment claim, relying on reasoning from the same case underlying *Davis-Garett*. *See* Ruling and Order at 7. "Even when plaintiffs allege ongoing job training violations, courts view 'the denial of . . . training opportunities [as] discrete actions for purposes of triggering the applicable limitations period.'" *Id.* (quoting *Barrow v. Ford Motor Co.*, No. 03-cv-621A, 2007 WL 1655660, at *9 (W.D.N.Y. June 5, 2007)).

> Applying the principles set forth in *Morgan* regarding the nature of discrete acts . . . the unrelated decisions by Postal Service managers regarding training/work assignments . . . constitute discrete employment actions, i.e., separate, actionable unlawful employment practices, and are not part of a continuing violation. These claims, arising before November 2, 2008, are unpreserved for failure to timely exhaust.

*Hanfland v. Donahoe*, No. 10-cv-6106-FPG, 2015 WL 4930582, at *8 (W.D.N.Y. Aug. 18, 2015), *discussing Morgan*, 536 U.S. at 113–115. The Court made clear that "Mr. Plana cannot circumvent the strict counseling requirement by framing the claims as continuing violations or evidence of a hostile work environment." Ruling and Order at 8 (citing *Hanfland*, 2015 WL 4930582, at *8 ("Therefore, I agree that Plaintiff cannot circumvent the EEO 45–day requirement by simply recasting her unexhausted discrete claims regarding training/work assignments decisions . . . alleged in her Complaint, as a hostile work environment claim. It is manifestly clear, in any event, that a hostile environment claim cannot resuscitate time-barred discrete discriminatory acts.")).

To the extent that Mr. Plana argues that the Court should consider discrete acts which took place earlier than 2017 should serve "as background evidence in support of a timely claim," *Davis-Garett*, 921 F.3d at 33 (quoting *Morgan*, 536 U.S. at 114), his argument is unavailing.

As the Court previously stated, Ruling and Order at 9, an adverse employment action is a "materially adverse change in the terms and conditions of employment." *Galabya v. N.Y.C. Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000) (internal quotations and citations omitted). Mere disruption or inconvenience do not rise to the level of material adversity. *Sanders v. N.Y. City Human Res. Admin.*, 361 F.3d 749, 755 (2d Cir. 2004). Furthermore, "[o]nly in limited circumstances does a single, acute incident of abuse qualify as an adverse employment action." *Mathirampuzha v. Potter*, 548 F.3d 70, 78-79 (2d Cir. 2008).

The employment actions which allegedly took place before 2017 were denial of job training opportunities and charges that Mr. Plana was AWOL. *See* Compl. ¶¶ 8, 10. As the Court stated, "[m]aterial adversity is highly contextual." Ruling and Order at 10 (citing *Galabya*, 202 F.3d at 640). The Court found that Mr. Plana had "not pled that [his 2017] AWOL mischaracterization was tantamount to a demotion or alteration to his job responsibilities." *Id.* at 11-12. Mr. Plana did not plead any additional facts regarding any of his earlier AWOL charges; therefore, he has also failed to plead sufficient facts to show that those charges amounted to adverse employment actions.

As to the alleged denial of his training opportunities, Mr. Plana similarly did not plead facts showing that any denials of training opportunities resulted in "materially adverse change in the terms and conditions of employment." *Galabya*, 202 F.3d at 640 (internal quotations and citations omitted). He did allege that his supervisor formally reprimanded him for failure to use the Interactive Tax Law Assistant despite not providing training, but he also alleged that the

Internal Review Service (IRS) removed the letter from his personnel file upon his explanation that he had not been properly trained to use the Interactive Tax Law Assistant. *See* Ruling and Order at 2. These allegations do not show that Mr. Plana ultimately experienced any adverse action or change in the terms and conditions of his employment as a result of alleged denials of training.

Accordingly, even considering the alleged employment actions which took place before 2017, the Court still finds that Mr. Plana has not alleged sufficient facts to support a hostile work environment claim.

The Court will therefore deny Mr. Plana's motion to reconsider its ruling and order on the motion to dismiss.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Mr. Plana's motion for reconsideration.

As stated in the Court's original Ruling and Order, the Court has granted Plaintiff leave to file an Amended Complaint to cure deficiencies identified in the Court's Ruling and Order. Since Mr. Plana filed this motion to reconsider and did not file an Amended Complaint, Mr. Plana may now file an Amended Complaint by **March 6, 2020**.

**SO ORDERED** at Bridgeport, Connecticut, this 5th day of February, 2020.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE